Bergan, J.
(dissenting). Plaintiffs’ property was bought for residence purposes and it was developed solely for this purpose by erecting a dwelling on it. Plaintiffs have not shown that which must be shown under the New York practice in an attack on the constitutional validity of a zoning ordinance, that the town’s residential classification (Residence C) precludes the owners from "use for any purpose to which it is reasonably adapted” (Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222, 226).
Nor have they a vested right in the continuance of the prior commercial zoning classification. Plaintiffs applied in July, *358 1962, as the majority opinion .states, for a permit .to construct a restaurant while their property was zoned as a shopping center district; but this application was not made until over a month after a public hearing was held to rezone the area for residential use and while the matter was before the board. Plaintiffs never made any commercial use of the property. (New York Trap Rock Corp. v. Town of Clarkstown, 1 A D 2d 890, affd. 3 N Y 2d 844.)
Although the court is acting upon words having heavy implications of invalidity, .such as “ confiscatory ”, “ arbitrary ” and ‘ capricious ’ ’, the issue in actuality amounts to a routine controversy turning on a difference of opinion between local zoning officials and property owners on zoning classification.
The merits are arguable either way, but it takes more than that to invalidate a zoning regulation. For the property owners it is said that the large commercial development along Route 110 adjoining them to the north and on the other side of that road from them suggests their property, too, should be zoned for commercial use.
From the town’s viewpoint it is said that since plaintiffs’ property is actually located on Schwab Road and the property on both sides of that road for a considerable distance to the east (and its extension as Wolf Hill Road) is zoned and used for residential purposes, it is reasonable to continue to zone plaintiffs’ property as Residence 0. The telephone installation on Schwab Road is not a “ residence ”, but it is a permitted use in this zoning classification and does not affect the merits. All the rest of the property on Schwab Road and its continuation concededly is used for residence purposes.
The town also argues that there must always be some fixed point in zoning allocation at which commercial use of land ought to stop and residential use begin; that this residential street is reasonably such a point; and it is in the interest of public safety not to increase commercial usage and consequent traffic concentration in this area. Terms such as “ confiscatory ”, “ arbitrary ” and u capricious ” do not easily fit into a reasonable solution by responsible local officers, such as this obviously is, to a local problem.
Besides this, there is an issue of fact based on opinion evidence given on the trial as to the reasonableness of the classification which has been resolved against plaintiffs both at Special *359 Term and at the Appellate Division. Evidence for the town based on expert opinion fully supported the reasonableness of the classification.
Aside from this affirmed factual evaluation, the ability of the Court of Appeals within its prescribed constitutional function as a law court of review to make an original local zoning choice as to the way property should or should not be zoned to supplant the judgment of town zoning authorities is, to say the least, open to serious doubt. We are not adequately equipped, either by technical experience or special competence, to devise wisely a detailed revision of local zoning arrangements.
Restrictive judicial preconceptions concerning the planned use of land, affecting zoning, as well as planned use of water resources, have come under increasing criticism for their long-term adverse effect on the public interest.
It has been observed, for example, that an “ individualistic bias in American legal style inhibits the development of an effective system of legal controls under which the conditions for urban self renewal can be optimized".[1]
To this comment a more contemporaneous note has been added that this “ individualistic bias ” is “ the core of all of our land and water resource problems ”.[2]
Moreover, plaintiffs have failed to pursue to the end available administrative remedies before resorting to judicial review (New York Trap Rock Corp. v. Town of Clarkstown, 1 A D 2d 890, supra).
The order should be affirmed.
Judges Van Voorhis, Burke and Scileppi concur with Judge Keating; Judge Bergan dissents and votes to affirm in an opinion in which Chief Judge Fule and Judge Breitel concur.
Order reversed, with costs in all courts, and matter remitted to Supreme Court, Suffolk County, for entry of judgment in accordance with the opinion herein.

. Mandelker, Daniel R., The Role of Law in the Planning Process (30 Law & Contemp. Prob. 26, 27).

. Dali, Benjamin V., Law and Resources Problems (53 A. B. A. J. 433, 434 [May, 1967]).